IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-cv-14167-KMM

JOHNNY GAMBLE, JR.,

    Plaintiff,

vs.

ST. LUCIE COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## COUNT II OF PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 4). Plaintiff failed to file a timely Response, and the Motion is now ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is a civil rights action brought by Plaintiff, Johnny Gamble, Jr., pursuant to 28 U.S.C. § 1983. Gamble states that on October 29, 2008, Gamble and his friend, Kelvin Pierce, had planned to install windows at Gamble's unoccupied residence located at 5203 Hummingbird Way, St. Lucie County, Florida. Prior to arriving at Gamble's house, Pierce was greeted by the citizen patrol for Lakewood Park. Pierce arrived at Gamble's residence at approximately 8 a.m. and began mixing cement in anticipation of the repairs to be made. Around 1 p.m., Gamble arrived at his residence. Gamble and Pierce then walked to the back of Gamble's property so Gamble could survey the work performed by Pierce.

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1). All facts are construed in a light most favorable to Plaintiff.

1

According to Gamble, shortly after he and Piece had moved to the back of the property, Deputy Andrew B. Stewart, burst through vegetation located on Gamble's property, and with his gun drawn, ordered Gamble and Pierce to get on the ground. Gamble and Stewart complied and laid face down on the ground and did not move. While on the ground, Gamble informed Stewart that he was the owner of the residence and that Stewart should check his back pocket for identification. Rather than checking his identification, Gamble claims that Stewart jumped on his back and started to pull his arms in an attempt to handcuff him. Gamble began to scream in pain and informed Stewart he had recently undergone shoulder surgery and his arm could not be pulled back in such a manner. Stewart disregarded Gamble's screams and caused Gamble permanent injury to his shoulder and lower back.

On March 27, 2012, Gamble filed a Complaint in Florida state court. Plaintiff alleges that his civil rights were violated (Count I) and that under the doctrine of respondeat superior, St. Lucy County Sheriff's Department is liable for the negligence of Deputy Stewart. On May 10, 2012, Defendant removed the instant action to this Court. Defendant now motions this Court to dismiss Count II of Plaintiff's Complaint.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544,

570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

Count II of Plaintiff's Complaint alleges that Defendant and its employee owed Plaintiff a "duty to act reasonably in their interactions with him and not subject him to injury through their negligence." Compl., ¶ 36. According to Plaintiff, Defendant breached this duty when (1) Stewart used excessive force to arrest Plaintiff, and (2) Defendant failed to properly train Stewart in identifying criminal suspects and applying proper force to effectuate an arrest.

Count II of Plaintiff's Complaint must be dismissed as a matter of law for several reasons. First, false arrest in an intentional tort under Florida law. See St. John v. Coisman, 799 So. 2d 1110, 1115 (Fla. 5th Dist. Ct. App. 2001). Excessive force is also an intentional tort. See City of Miami v. Saunders, 672 So. 2d 46, 47–48 (Fla. 3d Dist. Ct. App. 1996); see also Herzfeld v. Herzfeld, 781 So. 2d 1070, 1071 (Fla. 2001) (referring to assault, battery, and false imprisonment as "intentional torts"). It is improper to state a claim for negligence premised solely on the defendant's alleged commission of an intentional tort. As the Court in Saunders

3

noted, "[I]t is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort." Saunders, 672 So. 2d at 48. Consequently, Count II of Plaintiff's Complaint is dismissed with prejudice to the extent it is based upon a claim for negligent false arrest or negligent use of force.

Second, Plaintiff's Complaint alleges Defendant failed to properly train its officers, including Deputy Stewart, "in the apprehension of criminal suspects and the use of excessive force." Compl., ¶ 39. "A city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001). Because Plaintiff challenges the reasonableness of the training program provided by Defendant, the "discretionary" function exception to Florida's waiver of sovereign immunity applies and the claim is barred by sovereign immunity. Id. Thus, Count II of Plaintiff's Complaint is dismissed with prejudice to the extent it is based upon a claim for negligent training or supervision.

Finally, Count II of Plaintiff's Complaint incorporates paragraph 32, which alleges the actions of Defendant and its officers was performed "knowingly, maliciously, and/or were performed in a reckless manner with callous indifference to the health, safety, and civil rights of Plaintiff." Compl., ¶ 32. Florida Statute § 768.28(9)(a) (2008) provides that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Plaintiff names the St. Lucy County Sheriff's Department as the sole Defendant. Thus, Defendant, as a subdivision of the state, is immune from suit based solely on the allegations contained in paragraph 32 of Plaintiff's

Complaint. Consequently, Count II of Plaintiff's Complaint is dismissed with prejudice to the extent it alleges a claim against Defendant for the malicious acts of Defendant's employee.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 4) is GRANTED.

Count II of Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. Plaintiff has leave to file an amended complaint within ten (10) days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record